JUDGE RAKOFF

08 CRIM 480

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA     :     INFORMATION

       -v.-          :     08 Cr.

OCTAVIO SOTOLONGO,       :
  a/k/a "Tavo," 

                   :

         Defendant.    :

- - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  MAY 2 9 2008
```

COUNT ONE

The United States Attorney charges:

1. From in or about 2004, up to and including in or about January 2008, in the Southern District of New York and elsewhere, OCTAVIO SOTOLONGO, a/k/a "Tavo," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that OCTAVIO SOTOLONGO, a/k/a "Tavo," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one hundred kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

3.  As a result of committing the controlled substance offense alleged in Count One of this Information, OCTAVIO SOTOLONGO, a/k/a "Tavo," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds SOTOLONGO obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Information.

### Substitute Asset Provision

4.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said

2

defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)


_____
MICHAEL J. GARCIA
United States Attorney